## Case No. 15,002.

UNITED STATES v. DUNCAN et al.

[4 McLean, 99.] [1]

Circuit Court, D. Illinois. June Term, 1846.

DOWER—PROVISION IN WILL IN LIEU OF DOWER—
ELECTION—RENUNCIATION — WHEN
TO BE MADE.

1. Dower is a clear legal right, and can not be divested except upon full knowledge of the widow's rights.

2. If she accept what by the will is given in lieu of dower, not knowing the extent of the estate, she may renounce under the will, and claim, after the lapse of years. And in some cases, where it shall be necessary, she may bring a suit to ascertain the true condition of the estate, to enable her to make a proper election.

[Cited in Cribben v. Cribben, 136 Ill. 609, 27 N. E. 71; Valentine v. Mutual Ben. Life Ins. Co., 79 Wis. 585, 48 N. W. 856.]

3. The statute of Illinois, declaring "that any provision in the will bars dower," must have a reasonable construction.

4. To bar dower, the amount must be such as to afford a reasonable presumption that it was given in lieu of dower.

5. Unless the will shall be express on the subject, a small amount of personal property, the estate being large, not sufficient.

[Distinguished in Warren v. Warren, 148 Ill. 647, 36 N. E. 611.]

In equity.

Mr. Butterfield, for United States.

Mr. Harden, for defendant.

BY THE COURT. This bill was filed by the United States to subject the lands of Gen. Duncan, deceased, to the payment of liabilities incurred by him as a security for Linn, who was a receiver of public moneys at Vandalia, and who was a defaulter to a large amount, for which a judgment was obtained against Duncan. And this bill was brought to investigate the title to the lands of Duncan's estate, ascertain the extent of his interests, and remove all embarrassments. The question now raised and discussed, and which we are to decide, is, whether the widow of Gen. Duncan is entitled to dower. That the statute gives her dower in all the real estate of her deceased husband, as well that which he held by contract as that which he held by deed in fee simple, is not disputed; but it is alleged that she is barred under the will. By the will, Mrs. Duncan received a considerable amount of personal property, and, it seems, she has not renounced this right to claim her dower under the statute. On the part of the government, it is contended that where at common law a devise is made in lieu of dower, in a reasonable time, the widow must make her election to claim dower, or she will be barred. 8 Paige, 328; 4 Kent, Comm. 57. He says, "It is likewise settled, that a collateral satisfaction, consisting of money or other chattel interests, given by will and accepted by the wife after her husband's death, will constitute an equitable bar of dower."

She may make her election to claim dower, some years after her husband's death, and where she has received that which was intended to be in lieu of dower, if she acted in any degree in ignorance of her rights. But where she has acted with a full knowledge of her rights, in the acceptance of the testamentary provision instead of her dower, she will be bound by her acceptance.

But the question is, whether the bequest referred to, was given, or intended to be given, in lieu of dower. Certain real estate had been conveyed to Mrs. Duncan, to secure her against contingencies, which was greatly below the estate she brought to her husband. This can in no sense be considered operating against her claim of dower. It was only returning to his wife a part of the estate which she had in her own right, and which he came into the possession of by marriage.

It is argued that it was the intent of the testator to give personal property in lieu of dower. But there is no expression in the will which authorizes such an inference, unless it be the simple fact, of bequeathing the personal property. In deciding this question, regard must be had to the condition of the parties. Gen. Duncan was a man of large property, and at the time of his death, in all probability, expected to be relieved, in some form, from a part of his suretyship. He seems only to have been embarrassed on this account. It is true, the Revised Statutes of Illinois of 1833, p. 624, "declare that any provision by will bars dower, unless it be otherwise expressed in the will, and unless the widow in six months renounces the provision." Now this provision must have a reasonable construction. Will it be contended that any bequest in the will to the wife, however small, will bar dower? Such could not have been the intention of the legislature. And if this construction be not sustainable, is there any other rule than that the bequest should be such as would be a reasonable compensation for dower in the real estate? Can the wife be divested of her dower, which is a legal right, on any other principle? Is she barred of her dower, if she accept a gift of five or twenty dollars, or some piece of furniture under the will from her dying husband, as an evidence of his affection? Certainly she is not. Where any property was bequeathed to the wife, which from the amount, might be presumed under the statute to be in lieu of dower, and there was nothing in the will to contradict this presumption, she would be bound by it, ordinarily, unless her election of dower were made in six months. This appears to be a reasonable construction of the statute, which will effectuate the intention of the legislature. In treating upon this subject, Mr. Justice Story, in his treatise on Equity (section 1088), says: "If a testator should bequeath property to his wife, manifestly with the intention of its being in satisfaction of her dower, it would create a case of election. But such an intention must be clear and free

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

from ambiguity. And it would not be inferred from the mere fact of the testator's making a general disposition of all his property, although he should give his wife a legacy; for he might intend to give only what was strictly his own, subject to dower. There is no repugnancy in such a bequest." "Besides," he says, "the right to dower being in itself a clear, legal right, an intent to exclude that right by a voluntary gift, ought to be demonstrated, either by express words, or by clear and manifest implication." This is the substance of the authorities on this subject. In Birmingham v. Kirwan, 2 Schoales & L. 452, in the clear language of Lord Reddesdale, the above doctrine is forcibly illustrated. 10 Pick. 510. In Clark v. Sewell, 3 Atk. 97, it is said, "What is given by a will, ought, from the character of the instrument, ordinarily be deemed as given as a mere bounty, unless a contrary intention is apparent on the face of the instrument," "or, as it has been well expressed, whatever has been given by a will is prima facie, to be intended as a bounty or benevolence." But there seems to have been a renunciation under the will after the lapse of eighteen months, which, it is contended, is too late, as the statute requires it to be done in six months. Here, too, the statute must receive a reasonable construction. Suppose the widow remains in utter ignorance of the estate of her husband, and has no means within the time limited, to ascertain the facts which would enable her to make an election. It has often been held, that years, under certain circumstances, may be allowed for this election. That the widow may file her bill to obtain a knowledge of the estate. That where she has been in possession of the bequest for years, under an ignorance of the estate, she may renounce under the will and claim dower.

From the nature of the case, it must be perceived that there are cases in which the election could not be made in six months, and it would not be extending the principles of equity beyond their legitimate limits, in such cases of hardship, to relieve the widow. The estate of Gen. Duncan was large, and by the suretyship named, much embarrassed. It was impossible to understand the extent of the property and the nature of his liabilities, it would seem, in six months, so as to determine this matter. Upon the whole, when we consider the small amount of the personal property bequeathed, one-third of which belonged to the widow, the presumption can not arise, that the bequest was given in lieu of dower. And no fair construction of the statute would bring such a case within it. We think Mrs. Duncan is indowable of the lands of her husband, and commissioners will be appointed to set it off, unless an arrangement on the subject shall be made.

[The value of the widow's dower was agreed upon and amicably settled. See Case No. 15,-003 for a settlement of the priorities of the various creditors, including the United States.]