ELLA L. COWDREY *v.* SELINDA J. HITCHCOCK *et al.*

and

SELINDA J. HITCHCOCK *et al. v.* ELLA L. COWDREY.

*Filed at Springfield June 19, 1882.*

1. WILL—*construction of a will, by means of a decree of partition.* On a bill by a devisee under a will for a partition among the several devisees, and for a construction of the will, a decree of partition fully settling the rights of the parties under the will in conformity with its terms is a construction of the will and its various parts, as that is necessarily involved in determining such rights.

2. SAME—*renunciation by the widow—what amounts to an election.* The statute points out the mode by which a widow may renounce the provisions of a will made for her in lieu of dower, etc., and if she fails to pursue this mode within one year from the issue of letters testamentary, she is by the express terms of the statute deemed to have elected to take under the will. Her acceptance of the widow's award, however, though not entitled

thereto under the will, under the belief that she is so entitled, can not be held to be an election to take under the statute and to renounce the provisions of the will. Before any presumption of an election can arise, it is necessary to show that the party acting or acquiescing was cognizant of his rights, and then, whether the party intended an election.

3. SAME—*provision in lieu of widow's award, and homestead—construed.* A devise was as follows: "I give, devise and bequeath to my  *  *  * wife  *  *  * the equal one-third of all my real and personal estate in lieu of dower rights, and of all other rights, interests and claims which she might have or claim in or to my estate, or any part thereof," and a devise of the residue of the estate to other persons:  *Held,* the provision so made for the widow was in lieu of any claim to her specific award under the statute, and to any estate of homestead. Under such a devise the widow can take no interest whatever in the estate, except the one-third named in the will.

4. While it is true that a homestead, under the statute is "exempt from the laws of conveyance, descent or devise," except as therein provided, yet when a testator devises certain property to his widow in lieu of dower and homestead, and she accepts the devise, she can not claim an estate of homestead, and it is not necessary that the devise should expressly show it is in lieu of homestead. It is sufficient if such intent is plainly manifested.

5. SAME—*whether rents of property before division are intestate assets.* Where an estate both real and personal is devised, one-third to the testator's widow, and one-third to his daughter, and the remaining third in fee to his executors, to pay certain legacies, and in case the last third is more than enough to discharge such legacies, such residue shall be proportionally divided among the legatees named, so that they may receive one entire third of the estate, no part of the estate can be treated as intestate. In such case the rents and profits of the one-third devised to the executors, which may have accrued before the sale of the property by them, will not pass by descent to the heir.

6. SAME—*appraisal of property to adjust a division—at what time to be made—and of the time to control the valuation.* Where a testator provides that in the division and partition of his estate his daughter shall take one-third part of the estate, both real and personal, and that she may, if she so elects, take a certain house and lot on her share, paying his estate any excess in value of the same over the one-third of the estate given her, it is proper to have all the estate appraised and valued at the same time, in a proceeding for a partition. The daughter, to whom such right of election is given, is not entitled to the house and lot at a valuation to be ascertained at any other time than that at which the entire property of the estate shall be appraised, as the purpose is that she shall take one-third of the estate as the same may be valued at the time of the division.

7. PARTITION—*apportioning solicitor's fee.* The statute that in proceedings for the partition of land the court may apportion the costs, includ-

ing reasonable solicitor's fees, among the parties to the suit, applies only to amicable suits for partition, and not to cases where the defendants have employed counsel for themselves to protect their interests.

8. CHANCERY—*when it will assume the settlement of an estate.* A court of chancery, on a bill to construe a will and make a partition of the estate devised among the several devisees, will not, after settling the rights of the parties, take the entire settlement of the estate from the probate court, when no sufficient reason therefor is shown. There may be cases when the court would be justified in so doing.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

Messrs. HERBERT, QUICK & MILLER, for Ella L. Cowdrey:

Under the will the executors took no estate, but only a power of sale to pay certain legacies. *Fay* v. *Fay*, 1 Cush. 93; *Peck* v. *Henderson*, 7 Yerg. 18; *Farebee* v. *Proctor*, 2 Dev. & Bat. Law, 439; *Proctor* v. *Farebee*, 1 Ired. Eq. 146; *Zebach* v. *Smith*, 3 Binn. 69; *Haskell* v. *House*, 3 Brev. 342; *Kirkland* v. *Cox*, 94 Ill. 411.

The heir is not to be disinherited without express devise or necessary implication of such an intention. 2 Jarman on Wills, (4th ed.) 540; *Attorney General* v. *Mangles*, 5 Mees. & W. 128; *Rosevelt* v. *Fulton*, 7 Cow. 79; *Jackson* v. *Schawber*, 7 id. 192; *Vankleeck* v. *Dutch*, 6 Paige, 600; *Holton* v. *White*, 3 Zab. 334; *Wilkinson* v. *Adams*, 1 V. & B. 456.

The result is that the legal title in the third to raise legacies vests in the heir. *Bradshaw* v. *Ellis*, 2 Dev. & Bat. Eq. 20; *Haskell* v. *House*, 3 Brev. 242; *Thompson* v. *Gaillard*, 3 Rich. Law, 418; *King* v. *Ferguson*, 2 N. & McC. 588; *Guyer* v. *Maynard*, 6 Gill & J. 423; *Tainter* v. *Clark*, 3 Metc. 220; *Kirkland* v. *Cox*, 94 Ill. 413; Hill on Trustees, *236 and note, *471 and note; Perry on Trusts, secs. 308, 765, 350, and cases cited above.

The rents and profits go to the heir. *Schawtz Estate*, 14 Pa. St. 47; *Guyer* v. *Maynard*, 6 Gill & J. 423; Perry on Trusts, secs. 308, 765; Hill on Trustees, *471, and cases

cited; *Kirkland* v. *Cox*, 94 Ill. 413; *Lindenberger* v. *Matlack*, 4 Wash. 278; *Hopkins* v. *Hopkins*, 1 Atk. 589; *Hopkins* v. *Hopkins*, Cas. Talb. 44; *Bullock* v. *Stones*, 2 Ves. 521; *Wills* v. *Wills*, 1 D. & War. 439; *Gore* v. *Gore*, 2 P. Wms. 28; *Nash* v. *Smith*, 17 Ves. 29; *Duffield* v. *Elwes*, 2 Sim. & S. 544, and cases cited in argument; *Duffield* v. *Duffield*, 3 Bligh, N. R. 260.

The valuation of the property should have been made at the date of the election to take the same, and not at the time of the partition. The election once made could not be withdrawn. It fixed the estate subject to valuation in the daughter. 3 Com. Dig. 614, Election C. 2; 3 Bacon's Abr. title "Election," 314; *Leonard* v. *Crommelin*, 1 Edw. Ch. 206; *Spofford* v. *Manning*, 6 Paige, 383; *Davis* v. *Davis*, 11 Ohio, 386; *Wilbanks* v. *Wilbanks*, 18 Ill. 17.

The court erred in allowing the widow to take under the will. The devise to her was sufficient to put her to an election. Leading Cases in Equity, part 1, 524, *357; *Gosling* v. *Warberton*, Cro. Eliz. 128; *Lacy* v. *Anderson*, Choice Cases in Chancery, 155; *Boynton* v. *Boynton*, 1 Bro. Ch. 445; *Dyke* v. *Rendell*, 2 DeG. M. & G. 209; *Notley* v. *Palmer*, 2 Drew, 93.

At common law, when the provisions of the will are absolutely inconsistent with her claims of dower, she must make her election. 2 Williams on Executors, *1303.

Mrs. Hitchcock can not take against, and under the will. *Lessley* v. *Lessley*, 44 Ill. 529; *Brown* v. *Pitney*, 39 id. 468; *Herbert* v. *Wren*, 7 Cranch, 330.

It is well settled that an election need not be formally made, but may be inferred from circumstances. 1 Leading Cases in Equity, 1154, 1169; *Harris* v. *Watkins*, 2 Kay & J. 47; *Hawley* v. *James*, 5 Paige, 318; *Avant* v. *Robertson*, 2 McMull. 215; *Quarles* v. *Garrett*, 4 Dessaus. 145; *Bradford* v. *Kents*, 43 Pa. St. 474; *Buist* v. *Dawes*, 3 Rich. Eq. 300; *Stark* v. *Hunton*, Saxton's Ch. 216; *Watkins* v. *Watkins*, 7

Yerg. 295; *Hapgood* v. *Houghton,* 22 Pick. 483; *Dundas* v. *Hitchcock,* 12 How. 256.

And the presumption that a person has made an election, will arise from very slight circumstances.    1 Leading Cases in Equity, 1155, citing *Pulteney* v. *Darlington,* 1 Bro. Ch. C. 238; *Van* v. *Barnet,* 19 Ves. 109; *Cookson* v. *Cookson,* 12 Cl. & F. 121; *Dixon* v. *Grayfere,* 17 Beav. 433.

An implied election may be made by acts *in pais.*    It is an election when the widow takes one of the two alternatives, with knowledge of the condition of the estate and of the facts which determine her legal rights.    *Butricke* v. *Broadhurst,* 1 Ves. 172; *Earl of Northampton* v. *Earl of Aylesford,* Ambl. 540; *Worthington* v. *Wiginton,* 20 Beav. 67; *Bradford* v. *Kents,* 43 Pa. St. 474; *Buist* v. *Dawes,* 3 Rich. Eq. 300; *Cauffman* v. *Cauffman,* 17 Serg. & R. 16; *Light* v. *Light,* 21 Pa. St. 412; *Stark* v. *Hunton,* Saxton's Ch. 216; *Reed* v. *Dickerman,* 12 Pick. 149; *Ambler* v. *Norton,* 4 H. & M. 23.

It is well settled that bringing a writ or action for dower, or other suit or proceeding to enforce the adverse right, is a good election by a widow to take against a will, at law as well as in equity.    3 Leon. 373; *Butler & Baker's case,* 3 Coke, 27 b; Hobart, 159; 3 Com. Dig. 614, Election C. 2, citing Co. Lit. 145 a b; 1 Lomax's Dig. 122, (2d ed.) 146, sec. 34; *Wilson* v. *Hamilton,* 9 Serg. & R. 424; *Hapgood* v. *Houghton,* 22 Pick. 483; *Watkins* v. *Watkins,* 7 Yerg. 283; *Quarles* v. *Garrett,* 4 Dessaus. 146; *Raynor* v. *Capehart,* 2 Hawks, 375.

An election once made is final and irrevocable.    3 Com. Dig. 614, Election C. 2; 3 Bac. Abr. title "Election," 314; *Leonard* v. *Crommelin,* 1 Edw. Ch. 206; *Wilbanks* v. *Wilbanks,* 18 Ill. 17; *Davis* v. *Davis,* 11 Ohio, 386; *Spofford* v. *Manning,* 6 Paige, 383.

There must be some property which the testator had not the power to distribute, to raise a case for compensation. *Britowe* v. *Warde,* 2 Ves. Jr. 366; *Box* v. *Barrett,* 3 L. R. Eq. 244, citing *Langslow* v. *Langslow,* 21 Beav. 552; *Blacket*

v. *Lamb,* 14 id. 482; *Banks* v. *Banks,* 17 id. 352; *In re Fowler's Tr.* 27 id. 362; Leading Cases R. P. 352, (2d ed.); 1 Leading Cases in Equity, \*345, and cases cited.

In this case tlie estate devised to Mrs. Hitchcock, upon her election to take against the will, there being no residuary clause in the will, went as intestate estate to Mrs. Cowdrey, the testator's daughter and heir at law. Mrs. Hitchcock having elected against the will, can not claim anything under the will. So far as she is concerned, her husband may be regarded as having died intestate. *Barnett* v. *Barnett,* 1 Metc. (Ky.) 254; *Wood* v. *Wood,* id. 512; *Armstrong* v. *Park,* 9 Humph. 195; *Hoover* v. *Landis,* 76 Pa. St. 354; *Brink* v. *Layton,* 2 Redf. 79; *Sackett* v. *Mallory,* 1 Metc. (Mass.) 355; *McReynolds* v. *Jones,* 30 Ala. 101; *Allen* v. *Hannum,* 15 Kan. 627.

The court should have assumed the whole direction and settlement of said estate, as prayed for in the bill of complaint, and not attempted at arm's length, as in said decree, to do so partially. *Grattan* v. *Grattan,* 18 Ill. 171; *Lynch* v. *Rolan,* 39 id. 19; *Townsend* v. *Radcliffe,* 44 id. 448.

The court should have apportioned the solicitor's fees, as well as costs, under the present statute. The cases of *Kilgour* v. *Crawford,* 51 Ill. 249, *Stempel* v. *Thomas,* 89 id. 146, and *Stenger* v. *Edwards,* 70 id. 631, were decided under the act of 1869. The act of 1874 places solicitors' fees with the costs of the suit.

Mr. John P. Wilson, for Selinda J. Hitchcock:

Mrs. Hitchcock is entitled to her widow's award in addition to the provision made for her by the will of her husband. Rev. Stat. chapter relating to "Administrations," secs. 74, 76; *Phelps* v. *Phelps,* 72 Ill. 545; *Strawn* v. *Strawn,* 53 id. 253; *York* v. *York,* 38 id. 532.

She has not lost her right of homestead by taking under the will of her husband. See Homestead act, as amended in 1873, sec. 2.

The statute placed the homestead beyond the power of the husband to dispose of by will. In determining what constitutes the estate of Dr. Hitchcock, the estate of homestead vested in Mrs. Hitchcock can not be included as part. She takes the estate not as an heir of her husband, nor as a claim against his estate, but as her own property, vested in her by the statute. *Merritt* v. *Merritt,* 97 Ill. 243; *Eldridge* v. *Pierce,* 90 id. 474.

Mrs. Hitchcock has not forfeited her right under her husband's will by accepting her widow's award. To constitute an election the act must be done with a full knowledge of the circumstances of the case and the party's rights, and then the party must have intended to make an election. 2 Story's Eq. Jur. 1097; *Wintour* v. *Clifton,* 21 Beav. 468; *Pusey* v. *Deshower,* 3 P. Wms. 315; *Wake* v. *Wake,* 1 Ves. Jr. 335; *Padburg* v. *Clarke,* 2 Moen & Gord. 298; *Spread* v. *Morgan,* 11 H. L. Cases, 258, 602, 611; *Stratford* v. *Powell,* 1 Ball & Beatty, 1; *Briscoe* v. *Briscoe,* Jan. & Lat. 334; S. C. Irish Eq. 123; *Watson* v. *Watson,* 128 Mass. 122; *Dillon* v. *Parker,* 1 Swanst. 359; 1 Jarman on Wills, 471; White & Tudor's Leading Cases in Equity, 570, 372; Williams on Executors, 1558; 4 Kent's Commentaries, 57; *Gale* v. *Gale,* 48 Ill. 471.

The rule of law is compensation and not forfeiture in case Mrs. Hitchcock shall be held to have elected to take against the will by accepting her widow's award. Story's Eq. Jur. sec. 1085; *Gretton* v. *Howard,* 1 Swanst. 409; 1 Jarman on Wills, (5th ed.) 446; *Wilbanks* v. *Wilbanks,* 18 Ill. 21; *Jennings* v. *Jennings,* 21 Ohio St. 56.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill brought by Ella L. Cowdrey for a partition of the estate of Horatio Hitchcock, who died testate, in Chicago, on the 10th day of January, 1880. In the bill it is alleged that complainant, Ella L. Cowdrey, is the only child of the deceased, and that Selinda J. Hitchcock, defend-

ant, is his widow, who are his only heirs. It is also alleged that deceased devised to his wife, Selinda J. Hitchcock, the equal one-third part of his real and personal estate in lieu of all dower, and all other rights and claims which ·she might have in his estate, giving her an election to take the dwelling house, No. 888 Prairie avenue, and the furniture therein, on account of her share. In case it exceeded her one-third she was·to make up to the estate the excess; that a like one-third part of the estate was devised to complainant, with an election to take as a part of her share the lot on the corner of State street and Harmon Court, paying any excess of its value over one-third to the estate; that the testator devised the remaining third of his estate in fee to the executors, for the purpose of paying certain specific legacies, and for the distribution of the estate according to the will. After the filing of the bill the complainant filed an amendment, which in substance set up that the widow, by taking the widow's award, had· forfeited her rights under the will, and had in effect renounced its provisions. In the amendment complainant prayed for a construction of the will, and for partition. On a final hearing the court decreed that the estate be equally divided between complainant, the widow, and the executors, directing the commissioners to set off to Mrs. Hitchcock 888 Prairie avenue as a portion of her third, and to complainant the State street lot, they having elected to take the same on account of their respective shares. It was also decreed that the widow was not entitled to homestead rights in the property, or to the widow's award, in addition to her rights under the will. From this decree complainant and the widow both appealed.

It is contended that the court erred in failing to place a construction upon the will. Upon an examination of the decree rendered by the court we perceive no ground to sustain this position. The rights of the different parties under the will are fully settled by the decree, and a division of the

estate is ordered in conformity to the provisions of the will, which could not have been done by the court without construing the will and its various provisions relating to the rights of the parties.

It is also contended that the court erred in decreeing that the widow was entitled to take under the will. It is not claimed that the widow ever directly renounced the provisions of the will, or announced an intention not to take under it; but the argument is, that her election to take the widow's award, which was set off to her by the appraisers of the estate, is in effect a renunciation of the will. Section 10, of chap. 41, Rev. Stat. 1874, provides that any devise of land, or estate therein, or any other provision made by the will of a deceased husband or wife for a surviving wife or husband, shall, unless otherwise expressed in the will, bar the dower of such survivor, unless the provisions of the will shall be renounced. Section 11 declares, any one entitled to an election under either of the two preceding sections shall be deemed to have elected to take such jointure, devise, or other provision, unless within one year after letters testamentary or of administration are issued, he or she shall deliver or transmit to the county court of the proper county a written renunciation of such jointure, devise, or other provision. Section 13 prescribes the form of the renunciation, and that it shall be filed and recorded in the probate court, and shall operate as a bar to any devise under the will. Here is a complete mode pointed out by the statute under which a widow may renounce the provisions of a will, and if she fails to pursue the course pointed out by the statute within one year from the date letters testamentary are issued, she is, by the express terms of the statute, deemed to have elected to take under the will. Here the year expired, and the widow filed no renunciation, and whatever may have been the rule at common law, the statute is explicit that she shall be deemed to have elected to accept the provisions of the will. The fact

that she accepted the widow's award can not, unless the plain provisions of the statute are disregarded, be held to be an election to take under the statute. It is nowhere pretended that the widow intended to reject the provisions of the will. On the other hand, it is apparent from the record that she supposed she had the right to take under the will, and at the same time accept the widow's award. Under such circumstances it would be adopting a hard rule to hold that the mere act of accepting the widow's award, under a mistaken belief, would bar her of all rights under the will, and we do not believe that any respectable authority would sustain a precedent of that character. In Story's Equity, vol. 2, sec. 1097, it is said: "Before any presumption of an election can arise, it is necessary to show that the party acting or acquiescing was cognizant of his rights. When this is ascertained it may be further necessary to consider whether the party intended an election." See, also, White & Tudor's Leading Cases in Equity, p. 570. The widow in this case, by accepting the award, as appears from the evidence, never intended to reject the provisions of the will, but all the time supposed, and was advised, that it was her right to take under the will and accept the widow's award. Under such circumstances we perceive no ground for holding that she can not take under the will.

The next question presented is, whether Mrs. Hitchcock is entitled to the widow's award in addition to the provision made for her by the will of her husband. This question depends upon the construction to be placed upon that portion of the will which devises certain property to the widow, which is as follows: "I give, devise and bequeath to my  *  *.  *  wife  *  *  *  the equal one-third of all my real and personal estate in lieu of dower rights, and of all other rights, interests and claims which she might have or claim in or to my estate, or any part thereof." The testator had the right to devise his property to any person he saw proper, and upon

such lawful terms as his judgment might dictate. It is true, the widow was under no obligation to accept the provisions of the will. She could reject the provisions of the will and take under the statute, but when she elected to take under the will she could take only upon the terms imposed by the testator. What did the testator mean when he gave his wife one-third of all his real and personal estate in lieu of dower rights, and of all other rights, interest and claims which she might have or claim in or to the estate? Did he intend that she should have one-third of his estate and $3000 in addition, known as a widow's award? The testator is presumed to have known that the statute provided for a widow's award, which was a claim or interest she had in and to his estate, and doubtless with this fact in view, and wishing to give her only one-third of his estate, he imposed the terms that the bequest should be in lieu of all rights, interest or claims in or to his estate. The language of the will is broad and comprehensive, and in our judgment shows a clear intention that the widow should take no interest whatever in his estate, except the one-third named in the will.

But it is said the widow's award is conferred by the statute. So, too, is dower, and it is not denied that a bequest may be made in lieu of dower. The widow's award is a certain portion of the testator's estate, which, by the statute, is given to the widow, but at the same time the testator had the right to devise his wife certain property in lieu of that award, and if she saw proper to accept the provision of the will, she relinquished all claim to the widow's award. We think the intention of the testator was plain that his widow should have one-third, and only one-third, of his estate, and that intention should be carried out and sustained.

The premises, 888 Prairie avenue, were occupied by the deceased as a residence at the time of his death, and since that time they have been occupied by the widow, and it is claimed that in a division of the estate she ought not to be

required to account for the rents of the property, as she is entitled to an estate of homestead therein although she accepts the provision of the will. It is true that a homestead under the statute is exempt "from the laws of conveyance, descent or devise," except as therein provided, but if the testator devised certain property to his wife in lieu of dower and homestead, and she accepted the provision of the will, she can not claim a homestead in the property. It is true that in the devise to the widow the word "homestead" is not used, but the language employed by the testator is broad enough to include that estate. The devise to the widow is made "in lieu of all dower rights, and all other rights, interests and claims which she might have or claim in or to my estate, or any part thereof." The right of homestead given by the statute to the widow in the property occupied by the deceased at the time of his death, was one which would clearly fall within the term "all other rights," unless the homestead can be held to be something other than a right or interest in the testator's estate, which is unreasonable. Again, the provisions of the will are utterly inconsistent with the theory that the widow could take under the will and claim a homestead. The entire estate is to be divided into three equal parts, which could not be done if a portion of the property was to be incumbered by an estate of homestead. These are matters which may properly be considered in arriving at the intent of the testator. *Meech* v. *Meech*, 37 Vt. 414.

The court, in the decree, found that one-third of the estate was devised to the executors in fee, and we have been furnished with a labored argument to show that this is erroneous, and that complainant is entitled to the rents of the third of the estate devised to the executors as an intestate estate, until it shall be sold and converted into money. Upon an examination of the will, we think the intention of the testator is clearly expressed that his estate shall be divided into three equal parts, one-third of which is devised to his widow, one-

third to his daughter, complainant, and the remaining third to his executors, so that no part of his estate can be regarded as intestate property. In the first clause of the will the testator directs the payment of debts. The second item declares: "I give \* \* \* to my wife \* \* \* the equal one-third of all my real and personal estate in lieu of all dower rights, and all other rights, interests and claims which she might have or claim in or to my estate." Then follows the clause which authorizes the widow to elect certain property in her share. The second item declares: "I give, devise, etc., to my daughter, Ella Cowdrey, one other equal third part of my estate, real, personal and mixed." Then follows the devise authorizing her to select certain property as her share of the estate. The third item is as follows: "Out of. the other and remaining one-third of all my real and personal estate, \* \* \* I give and direct that my executors shall pay certain enumerated legacies. In case said remaining one-third of my estate is more than sufficient to pay the amounts in this item directed to be paid, then said amounts shall be and are proportionally increased, so that the whole of said remaining one-third shall be paid and distributed to and among the persons above in this item named as legatees." Then follows a provision authorizing the executors to sell, after partition, such real estate as shall be set apart as the remaining third part of the estate. Then follows this provision: "The said remaining one-third of my estate being devised to my executors in fee, for the purposes of carrying out the directions and objects in this item mentioned, and the just and proper division of my estate, according to the provisions of this my will, and the distribution of the moneys arising from said remaining one-third among the legatees above in this item mentioned."

From these provisions .of the will there would seem to be no doubt in regard to the intention of the testator to leave no part of his estate to descend under the statute. Under the

last provision cited, the testator seemed desirous to leave no ground for doubt in regard to the one-third of his estate devised to pay legacies, and hence the emphatic language, "the said remaining one-third of my estate being devised to my executors in fee." The language here employed is so plain that there is no room for construction.

It is also claimed that the court erred in excluding evidence of the value of the property at the corner of Harmon Court and State street, at the time of filing the amended bill, December 10, 1880. This is the date complainant elected to take the property last described, and it is contended that its value at that time is to control, and not the value at the time the whole estate should be divided. The provision of the will relating to this subject is as follows: "In case my said daughter shall elect and desire to have and receive, on account of her said share, the lot and premises situated at the south-east corner of State street and Harmon Court, in said city of Chicago, belonging to me, then it is my will that she *may* receive the same, in case the same does not, on a partition or division of my estate among my devisees, exceed in value the said one-third of my estate above herein given to her, or if my said daughter shall make up and pay to my estate the excess in value of the same over said one-third of my estate given to her as aforesaid, if there be any such excess in value." It was, as we have before seen, the intention of the testator that his estate should be divided into three equal parts. Now, if complainant has the right to have that portion of the property she may select, appraised on the 10th day of December, 1880, and the balance of the estate is not appraised until there is a partition, should the property increase in value, which is not an uncommon thing, then complainant would receive a larger proportion of the estate than she is entitled to receive under the will. In order to obviate this difficulty, the entire estate should be appraised at one time, and the time, no doubt,

intended by the testator, was when a partition should be made.   Again, the language of the will does not, in our judgment, leave the matter in doubt.   Complainant is to have the property on the corner of State street and Harmon Court, in case it does not, on a partition of the whole estate among the devisees, exceed in value one-third, or if she shall pay over the excess in value to the estate, then she takes the property.   She takes upon a partition of the whole estate, and the valuation is to be made of the entire estate at that time.   This is the view taken by the circuit court, and we entertain no doubt in regard to its correctness.

It is also claimed that the court should have assumed the entire settlement of the estate.   There may be cases where a court of chancery might be justified in taking the settlement of an estate from the probate court, but this is not such a case.   No reason whatever has been shown which, in our judgment, should prevent the probate court from proceeding in the settlement of this estate as it would do in the settlement of any other estate.

It is also claimed that the court erred in refusing to apportion solicitor's fees.   The statute provides that in all proceedings for the partition of real estate the court may apportion the costs, including reasonable solicitor's fees, among the parties to the proceeding, so that each party will pay his equitable portion thereof.   We think this question was settled in *Kilgour* v. *Crawford*, 51 Ill. 249, where it is said:   "Where the proceedings are amicable, and the parties do not deem it necessary to employ counsel to protect their interests, it is proper that the power given by this law should be exercised, as all the parties have the benefits of the partition; but where the defendants deem it necessary to employ counsel in order to protect their interests, and secure a just partition or an equitable assignment of dower, we can see no reason why they should be required not only to pay the fees of their own counsel, but also a part of the fees of adverse counsel."   It

is true the statute has been somewhat changed since the decision cited was rendered, but the rule established is as proper under the one statute as the other.

In conclusion, we are of opinion that the decree of the circuit court is correct, and it will be affirmed.

*Decree affirmed.*