ELIZA A. WARREN

v.

JOHN H. WARREN et al.

*Filed at Ottawa October 26, 1893.*

1. DOWER—*when widow elects to take under will.* Where a widow fails to renounce the provisions made for her by the husband's will within one year after the issue of letters upon her deceased husband's estate, she will be held as electing to take under the will, and she will not be entitled to dower in the testator's lands.

2. A case might arise where the widow, in accepting a testamentary disposition, acted without full knowledge and understanding of her true situation and rights, and of the consequence of her acceptance. In such case it might become necessary to determine whether the lapse of more than one year without renunciation would cut her off from the privilege of making her election.

3. SAME—*provision in will for the widow—whether a bar to claim for dower.* Section 10 of the Dower act provides that a devise or other provision made by a will of the husband shall be a bar to the wife's dower, "unless otherwise expressed in the will." If, therefore, a husband desires to make in his will a provision for his wife which shall not operate as a bar to her dower, he can therein state that such provision is not to be in lieu of dower, in which case she will take both her dower and what is devised or bequeathed to her.

4. Under the peculiar provisions of our statute the provisions in a will in favor of the testator's widow are declared to be a bar of her dower, unless the intention that it shall not be a bar is expressed in the will itself. The statute makes the silence of the testator the conclusive index to his intention, and it also makes the failure to renounce the will within a specified time conclusive evidence that the surviving husband or wife has elected to take under the will.

5. SAME—*when provision in a will is equivalent to dower.* Where a will directs that one-third of the annual rents and interest, after deducting certain necessary expenditures for taxes and repairs or improvements, shall be paid to the widow, the devise to her will be substantially equivalent to the value of her dower in the lands of the testator.

6. SAME—*when will shows an intention to bar dower by a devise to widow.* Where a testator, by his will, directed that after the deduction of the annual taxes, and also reasonable repairs and improvements, one-third of the annual income should be paid to his widow as dowry

41—148 ILL.

and that the other two-thirds of such income should belong to his son, this will show an intention to make the provision in favor of the widow a substitute for dower, as to give her dower in addition would leave the son only one-third of such income.

7. SAME—*devise to trustees for a wife—a bar to dower.* Under our statute a devise to the executor of the testator in trust for his widow, when not otherwise expressed in the will, will bar her right to dower in the testator's lands when she accepts the provisions made in her favor by the will.

8. SAME—*liability of dowress for taxes and special assessments.* After the assignment of dower the dowress becomes seized of a freehold estate for life in the part allotted to her, and she will be in by relation from her husband's death; and she, as life tenant, must pay the taxes and charges upon the property. So the cost of paving a street in front of the property is a proper charge against her.

9. WILLS—*construed—direction to pay annual taxes.* It can not be said that a direction in a will for the executor to pay the "annual taxes" on the property devised is a direction to pay special assessments, as a special assessment for a special purpose has none of the distinctive features of the ordinary annual tax, which is imposed for some general or public object.

10. SAME—*devise partly in trust—right of trustee to credit for improving the estate.* A testator devised all his property to his executor in trust, to hold and keep the same intact during his life, and provided and directed that the annual taxes, and also all reasonable repairs and improvements, should be provided for out of the annual rents and interest, and that of the annual income not used as above, one-third should belong to his widow during his natural life. The executor paid certain special assessments on the lands for local improvements: *Held,* that he was not liable to the widow for one-third of the special assessments paid by him out of the annual income.

11. LIFE ESTATE—*who to pay taxes, etc.* A tenant for life is bound, out of the rents and profits, to keep down all incidental charges upon the land which accrue during the continuance of the life estate, as, for repairs, taxes, and the like. Special assessments for paving and sewerage, as well as taxes and repairs, may be included within such incidental charges.

12. Where a person is entitled, under a will, to one-third of the net annual rents and interest on real estate left by the testator, for and during his life, he may be regarded as a tenant for life in respect to his interest in the property.

13. HOMESTEAD—*effect of accepting a devise of a homestead.* A will provided, not only that there should belong to the widow of the testator one-third of the net income of the rents and profits during her

natural life, but "also a suitable house for her residence during the same period," and that she should not be required to pay rent therefor. After the testator's death the widow continued to reside in the same house in which he and she lived at his death, and she elected to take under the will: *Held*, that having elected to take a house for her residence according to the terms of the will, she could not have a homestead set apart to her under the statute.

14. In such case the wife's continued residence in the house where she and her husband lived, and where he died, will be presumed to be in the exercise of her right thereto as given by the will, and not in the exercise of her statutory right of homestead; and having elected to take under the will by failing to renounce the same within one year after the issue of letters testamentary, she could not accept the will as to her dower and reject it as to the provision which it made for a homestead or residence.

APPEAL from the Circuit Court of Winnebago county; the Hon JOHN D. CRABTREE, Judge, presiding.

The original bill in this case was filed on September 24, 1890, by the appellant, Eliza A. Warren, the widow of Alpha Warren, who died testate on November 12, 1888, against John H. Warren in his own right as the son of Alpha Warren by a former wife, and as executor of the will of said Alpha Warren. Appellant was married to Alpha Warren on June 15, 1875, and was at that time a widow having a daughter by a former husband, but never had any children by Alpha Warren, his only child being said John H. Warren. After answer filed, the bill was amended by making the children of John H. Warren defendants. Subsequently on October 4, 1892, a supplemental bill was filed by appellant against said John H. Warren and his children. The questions in the case arise upon the issues made by the answers to the supplemental bill and the replications to such answers. The supplemental bill prays for an allotment of dower and homestead, for an accounting by the trustee and executor, for a disallowance of certain payments made by him for special assessments and special taxes levied against real property of the estate in Rockford, for removal of the trustee, and for general relief, etc. The answers

deny, that complainant is entitled to any of the relief asked for, and set up release and settlement by her, and payment to her and receipt by her of one third of the balance of the rents and interest given to her by the will, etc. The decree of the Circuit Court finds that the will of Alpha Warren was admitted to probate on November 15, 1888; that John H. Warren entered upon the duties of executor and trustee thereunder; that complainant affirmed said will and did not relinquish any of the provisions thereof, and is not entitled to either dower or homestead in the lands of her deceased husband; that the personal estate has been and will be exhausted in payment of the widow's award, claims allowed, and the compensation of the trustee to be allowed; that, since the testator's death the city of Rockford has carried on proceedings by special assessment for the improvement of public streets and the construction of public sewers; that such assessments against the lands of the testator amount to $1441.00; that complainant has been wrongfully charged with one third thereof, towit: $480.33; that under the will she is only chargeable with one third of the ordinary taxes and repairs; the decree orders that John H. Warren pay to complainant said sum of $480.33 with five per cent interest, and certain costs within 40 days, etc., and have execution therefor, and that the question of the executor's compensation be reserved, etc.

The will of Alpha Warren appoints his son his "executor to settle and manage my estate, and also my trustee to hold and keep my estate intact during his natural lifetime," and, after providing for the payment of debts and funeral expenses out of the personal property, it proceeds as follows:

"I direct that the annual income of my estate, personal and real, shall be used as follows: My executor and trustee shall be entitled to and shall receive a reasonable compensation for his services. The annual taxes and insurance, and also all reasonable repairs and improvements, shall be provided for out of the annual rents and interest, and of the annual in-

come not used for the purposes above named, one third shall belong to my wife, Eliza A. Warren, during her natural life, and also a suitable house for her residence during the same period, and two thirds of the above named income shall belong to my son, John Henry Warren, for the support of himself and family during his natural life. At the decease of my wife, Eliza A. Warren, the one third of income belonging to her as dowery shall revert to my estate, for the benefit of my lawful heirs, subject to the direction and control of the said John H. Warren, the trustee of my estate; and after the decease of both my wife, Eliza A. Warren, and of my son, John H. Warren, then my entire estate shall belong, in equal values, to the children of John H. Warren who shall survive him, said sums to be held in trust for each one until he or she shall be twenty-one years of age. My executors, after consulting with the probate judge, and both judge and executor shall decide that a sale or exchange of any of my real estate in the city of Rockford will benefit my heirs interested in said estate, such sale or exchange and re-investment may be made with the approval of the probate court, but not otherwise. And my son, John H. Warren, and my wife, Eliza A. Warren, shall not be required to pay rent for the use of the residences that they shall occupy, which shall be suitable for their respective families, but they are not to occupy the double houses that are arranged for different families, at one and at the same time, as tenants."

On November 27, 1888, appellant executed under her hand and seal, an instrument by which, in consideration of the payment and approval of the award allowed her on that day, and for other good and valuable considerations, she agreed with those interested in the estate as follows:

"*First*—I, widow of said deceased, do hereby covenant and agree to accept the legacy and interest given in and by the last will of said deceased, my award, and the claim of $200 filed by me in said estate in full of all claim to or right or in-

terest in the estate, real, personal or mixed, of said deceased, of every name and nature, and any other interest is hereby expressly waived and released to said estate."

The appellant did not renounce the provisions of the will within one year after letters testamentary were issued. During December, 1888, and in each month in the years 1889, 1890, 1891 and 1892 she has received monies from the trustee and executor out of the income of the estate. She was paid her widow's award, about $1200.00, and the claim of $200.00 against the estate, which is above referred to.

Mr. N. C. WARNER, for the appellant.

Messrs. GARVER & FISHER, for the appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The first question arising upon the assignments of error is, whether or not the appellant is entitled to have dower assigned to her in the lands of her deceased husband. Sections 10 and 11 of the present Dower Act, which was approved on March 4, 1874, and went into force on July 1, 1874, are as follows: 10. "Any devise of land, or estate therein, or any other provision made by the will of a deceased husband or wife for a surviving wife or husband, shall, unless otherwise expressed in the will, bar the dower of such survivor in the lands of the deceased, unless such survivor shall elect to and does renounce the benefit of such devise or other provision, in which case he or she shall be entitled to dower in the lands and to one third of the personal estate after the payment of all debts." 11. "Any one entitled to an election under either of the two preceding sections shall be deemed to have elected to take such jointure, devise or other provision, unless, within one year after letters testamentary or of administration are issued, he or she shall deliver or transmit to the county court of the proper county a written renunciation of such jointure, devise or other provision." Section 13 prescribes the form of re-

nunciation, by the terms of which the surviving husband or wife does thereby "renounce and quit all claim to the benefit of any    *   *   *    devise or other provision made to me by the last will and testament of the said . . . . .    *   *   *    and I do elect to take in lieu thereof my dower and legal share in the estate of the said . . . . . " As the appellant did not renounce the provisions of the will within one year after letters testamentary were issued to the executor of Alpha Warren's estate, it would seem to be clear that she had elected to take under the will, and that she is not entitled to an assignment of dower in the testator's lands under the decisions of this court. (*Cowdrey* v. *Hitchcock,* 103 Ill. 262; *Stunz* v. *Stunz,* 131 id. 210; *Cribben* v. *Cribben,* 136 id. 609.)

It is contended by counsel for appellant, that the acceptance by the widow of the provision made for her in the will will not bar her dower, unless such provision shall be a reasonably adequate compensation for the loss of what she would have been entitled to under the statute if there had been no will. This contention is based upon the decision of the Circuit Court of the United States for the Seventh Circuit in the case of *United States* v. *Duncan,* 4 McLean, 99, where a liberal construction was given to sections 39 and 40 of the Act of this State in regard to Wills in force in 1829. (Revised Laws of 1833, page 624.) But a comparison of sections 39 and 40 of the Act of 1829 with sections 10 and 11 of the Act of 1874 will show that the phraseology of the former is different from the phraseology of the latter. By the terms of said section 11, if the surviving husband or wife fails to renounce within the year, he or she shall be deemed to have elected to take the provision given by the will. The directions of the statute are explicit, and a compliance with them can work no harm to any of the parties concerned. Section 10 directs that the devise or other provision made by the will shall be a bar to dower "unless otherwise expressed in the will." If, therefore, a husband desires to make, in his will, a provision for his

wife which shall not operate as a bar to her dower, he can therein state that such provision is not to be in lieu of dower, in which case she will take both her dower and what is devised or bequeathed to her. If the widow deems such devise or bequest an inadequate compensation for dower, she can file her renunciation within the time specified, and thereby take what she is entitled to under the statute.

In the present case, however, we are not satisfied that the provision made for the appellant by the will is not a reasonably adequate compensation for her dower, if the doctrine of the *Duncan* case should be held to be applicable. It is conceded that the personal estate of the deceased testator has been exhausted in the payment of the debts and expenses of administration, and that no personal property would have passed to appellant if her husband had died intestate. All that she could have received in any event was dower in the lands. All that her dower, when assigned and set off, would amount to would be the right to use the one third in value of her husband's lands, and draw the rents and profits thereof, during her life. The will, by directing that one third of the annual rents and interest after deducting certain expenditures shall belong to her, gives her what is substantially equivalent to the value of her dower in the real estate.

Counsel refer us to a number of cases, which hold that the wife cannot be deprived of her dower by a testamentary disposition in her favor so as to put her to her election, unless the testator has declared the same to be in lieu of dower, either in express words or by necessary implication. Under the rule laid down in most of these cases, the testator will not be presumed to have intended the provision in his will to be a substitute for dower, unless the claim of dower would be inconsistent with the will, or so repugnant to its provisions as to disturb and defeat them. (*Adsit* v. *Adsit*, 2 Johns. Ch. 448; *Smith* v. *Kniskern*, 4 id. 9; *Wood* v. *Wood*, 5 Paige, 595; *Fuller* v. *Yates*, 8 id. 325; *Church* v. *Bell*, 2 Denio, 430.) The

decisions referred to will be found, upon examination, to have been rendered in the absence of such statutory provisions as exist in this State, and such decisions are consequently inapplicable to the case at bar. The great object, in construing the wills which the courts there had under consideration, was to ascertain the intention of the testator upon the question whether or not the testamentary disposition was to be taken in lieu of dower. Even in the *Duncan* case, *supra*, the reasoning of the court proceeds largely upon the ground, that the testator will not be presumed to have intended his bequest or devise to be a substitute for dower if its amount or value is, to a very considerable extent, less than the amount or value of the dower. But, under the peculiar terms of the Illinois statute, the provision in the will is declared to be a bar unless the intention that it shall not be a bar is expressed in the will. The statute makes the silence of the testator the conclusive index to his intention; and it also makes the failure to renounce within a specified time conclusive evidence that the surviving husband or wife has elected to take under the will.

We think, however, that, if the rules laid down in the authorities relied upon, are applied to the interpretation of the will in this case, there will be disclosed an intention to make the testamentary provision a substitute for dower, and not a gift in addition to it. Alpha Warren drew his own will; and he therein designates the portion of the "annual rents and interest" given to his wife as "the one third of income belonging to her as *dowery*." If the one third of the income specified in the will was to be her dower or "dowery," he could not have intended that she should have another dower outside of and in addition to that given by the will. Again, after directing that one third of his net annual income shall belong to his wife, he directs that the other two-thirds thereof shall belong to his son, John H. Warren. If the wife was to have dower besides the third of the income given her by the will, the son could not take the two thirds of the income therein devised

to him. The widow, in such case, would virtually have two thirds, and only one third would be left for the son. It follows that the claim of dower on the part of the widow is inconsistent with the provisions made for the son in the will, and so repugnant to them that, if allowed, it would defeat them.

A case might arise where the widow, in accepting the testamentary disposition, acted without full knowledge and understanding of her true situation and rights, and of the consequence of her acceptance. (4 Kent's Com. page 58). It might then be necessary to determine whether the lapse of more than a year without renunciation would cut her off from the privilege of making her election. (*U. S.* v. *Duncan, supra; Cowdrey* v. *Hitchcock, supra*). But here it appears that the widow was correctly advised as to her testamentary rights and her statutory rights, and the value of the one as compared with the other.

Counsel further insists, that the dower of the appellant is not barred because the devise is not to the wife, but to the executor in trust for her benefit. Under the English statute of uses a jointure was not available to bar the widow's dower, unless the settlement was to the wife herself, and not to any other person in trust for her. (*Van Arsdale* v. *Van Arsdale*, 2 Dutcher, 404). It has also been held, that a devise of lands to trustees for the benefit of the wife does not necessarily indicate an intention to defeat dower, as the trustees may take the lands subject to its legal incidents, that of dower included. (*Wood* v. *Wood, supra; Church* v. *Bell, supra*). But the language of our statute is broad enough to include devises to trustees for the benefit of the wife, as well as those directly to the wife herself. It would be a narrow construction that would exclude a devise to trustees from the meaning of the following words in section 10: "any other provision made by the will of a deceased husband or wife *for* a surviving wife or husband." The use of the word, "for," forbids a limitation of the meaning to devises made to the wife.

The next question is whether the appellant is entitled to have a homestead assigned to her. The will provides not only that there shall belong to the appellant one third of the net annual income during her natural life, but "also a suitable house for her residence during the same period," and that she shall not be required to pay rent for the use of such residence. Since her husband's death she has continued to reside in the same house, belonging to his estate, in which she lived with him at the time of his death, and for several years prior thereto. Section 11, as above quoted, directs that any one entitled to an election under section 10 "shall be deemed to have elected to take such jointure, devise or other provision," unless there is a renunciation within the specified year. The provision, which such person shall be deemed to have elected to take, is the whole of the provision made for him or her in the will, and not a part of such provision; the devise elected to be taken will be the whole of the devise given, and not a part thereof. It follows that, when appellant, by her failure to renounce, elected to take one third of the net annual income for her natural life, she also elected to take therewith a suitable house for her residence during the same period. Hence, her continued residence in the house, where she and her husband lived when he died, will be presumed to be in the exercise of her right thereto as given by the will, and not in the exercise of her statutory right of homestead. (*Stunz* v. *Stunz, supra*). The statute gives a householder having a family an estate of homestead to the extent in value of $1000.00, and continues such exemption after his death to his surviving wife, so long as she continues to occupy the homestead. (Rev. Stat. chap. 52, secs. 1, 2). The will in this case does not limit the value of appellant's residence to $1000.00 or any other amount, but only requires that the house shall be suitable for her residence. The residence provided for by the will is not the same as the homestead given by the statute. The general rule is, that a person cannot accept and reject the same instrument.

(*Birmingham* v. *Kirwan,* 2 Sch. & Lefr. 449; 2 Story's Eq. Jur. sec. 1077, note 4). It is a maxim of equity not to permit the same person to hold under and against a will. (*Brown et al. Ex'ors.* v. *Pitney,* 39 Ill. 468; *Ditch* v. *Sennott,* 117 id. 362). The appellant cannot accept the will as to dower, and reject it as to the provision which it makes for a homestead or residence. Nor does the law contemplate that a householder can have two homesteads. (*Tourville* v. *Pierson,* 39 Ill. 446). Appellant, having elected to take a house for her residence according to the terms of the will, cannot have a homestead set apart to her under the statute. It is true that a homestead under the statute is exempt "from the laws of conveyance, descent or devise" except as therein provided, but where the testator directs in his will that his wife shall have a suitable house for her residence during her life without payment of rent therefor, and she accepts the provision of the will, she cannot insist upon her statutory right of homestead. (*Cowdrey* v. *Hitchcock, supra.*)

The next question arises upon a cross-error assigned by appellees, and is whether the appellant is justly chargeable with one third of the amounts paid out by the executor and trustee in discharge of certain special assessments levied upon real property of the estate for paving streets and putting in sewers. The will directs that "the annual taxes and insurance, and also all reasonable repairs and improvements, shall be provided for out of the annual rents and interest" before one third of the annual income shall belong to the wife. It cannot be said that a direction to pay "annual taxes" is a direction to pay special assessments. A special assessment imposed for a special purpose has none of the distinctive features of the ordinary annual tax which is imposed for some general or public object. (*I. C. R. R. Co.* v. *City of Decatur,* 126 Ill. 92; *Same* v. *Same,* 147 U. S. 190). But we see no reason why the paving of a street in front of a lot and the putting down of a sewer therein should not be regarded as "reasonable improve-

ments." The improvement may be local as affecting the locality in which the property is situated, but it is of special benefit to the particular property assessed because it increases its value, not only the permanent value inuring to the benefit of the reversioner, but also the rental value during the existence of the life estate. The widow must pay the taxes and charges upon the property assigned to her for dower. (*Peyton* v. *Jeffries*, 50 Ill. 143; *Whyte* v. *Mayor*, 2 Swan, (Tenn.) 364; *Houlenbeck* v. *Cronkright*, 23 N. J. Eq. 407). In *Whyte* v. *Mayor*, *supra*, it was held that, where a lot had been assigned to a widow as part of her dower, the cost of paving the street in front of her lot was a proper charge against her. When dower is assigned, the widow becomes seized of a freehold estate for life in the portion allotted to her; she is in by relation from her husband's death, and is in of the seizin of her husband. (4 Kent's Com. secs. 61, 69). Standing in his place, she must be "subjected to the charges, duties and services to which the estate may be liable, in proportion, certainly, to her interest therein." (*Peyton* v. *Jeffries, supra*). Here, the appellant being entitled to one third of the net annual rents and interest during her life, may be regarded as a tenant for life. The tenant for life is bound, out of the rents and profits, to keep down all incidental charges upon the land which accrue during the continuance of his or her estate, as for repairs, taxes and the like. (*Whyte* v. *Mayor, supra*). Special assessments for paving and sewerage, as well as taxes and repairs, may be included in such incidental charges.

If, under the terms of the will of Alpha Warren, the appellant cannot be charged with her proportionate share of the special assessments, then the appellee, John H. Warren, cannot, by the same construction, be charged with his proportionate share thereof. If such assessments are not to be paid out of the rents and interest, how are they to be paid? It is suggested, that application can be made to a court of equity for leave to sell some of the land in order to raise the

amount required. But the amount of appellant's income might be diminished by such a sale, as much as it would be by paying the assessments out of the rents and interest. And not only so, but a sale of a portion of the property for such a purpose would defeat the manifest intention of the testator, as disclosed by that clause of the will, which directs "my trustee to hold and keep my estate intact during his natural life time."

For the reasons thus stated, we think that the decree of the Circuit Court was correct in holding that appellant was not entitled to dower and homestead, but was erroneous in holding that appellant was wrongfully charged with one third of said special assessments, and in ordering that the executor and trustee should pay to the appellant the amount so charged to her. For this error the decree to the extent here indicated, is reversed, and the cause is remanded to the Circuit Court for further proceedings in accordance with the views herein expressed.

*Decree affirmed in part and in part reversed.*